# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LEONEL J.A., | Case No. 26-CV-45 (NEB/ECW) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; PETER BERG, Director, Fort Snelling Field Office, Immigration and Customs Enforcement; and JOEL BROTT, Sheriff of Sherburne County, | ORDER |
| Respondents. | |

This matter is before the Court on petitioner Leonel J.A.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Leonel J.A. is a citizen of Ecuador who has lived in

the United States since August of 2021 when he entered the country without inspection.[1] (*Id.* ¶¶ 14, 32–33.)

On or about January 2, 2026, Immigration and Customs Enforcement ("ICE") and Enforcement and Removal Operations ("ERO") took Leonel J.A. into custody. (*Id.* ¶ 35; ECF No. 5 ¶ 5.) Afterwards, Leonel J.A. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Leonel J.A. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those others, Leonel J.A. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country over four years ago, Leonel J.A. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that he is entitled to a bond hearing and that his detention under Section

---

[1] Leonel J.A. attempted to enter the United States twice in 2021, but the first time he was voluntarily returned to Mexico. (Pet. ¶ 33.)

1225(b)(2) violates the Fifth Amendment, INA and its implementing regulations, and the Administrative Procedures Act.

The Court has already concluded that petitioners similarly situated to Leonel J.A. are entitled to a bond hearing under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Leonel J.A. while he was entering the United States. Instead, he was detained while "already in the country pending the outcome of removal proceedings." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL

3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Leonel J.A.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint. (ECF No. 4 at 3, 6.[2]) The Court is not persuaded by the minority viewpoint, including the additional cases cited by Respondents; it has already considered and rejected those arguments in *R.E.*[3] And, while Respondents cite *dicta* from this district suggesting that the minority approach is not frivolous, the court in those cases nevertheless rejected the minority argument. *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *1 (Jan. 5, 2026) ("At least in the meantime, I conclude the better answer is to adhere to my prior decision and grant Ahmed's Petition."); *Hector G. v. Lyons*, No. 25-CV-4710 (PJS/EMB), ECF No. 9, at *3 (D. Minn. Dec. 30, 2025) (stating that "the Court continues to believe that the better reading is that § 1225(b)(2) does not apply" to individuals like Leonel J.A.).

---

[2] All page citations to the record reference ECF pagination.

[3] The Court notes that Respondents' arguments to the contrary are preserved for appeal. (*See* ECF No. 4 at 3.)

The Court therefore grants the Petition for Writ of Habeas Corpus to the extent it requests a bond hearing and seeks to enjoin Respondents from applying Section 1225(b)(2) to Leonel J.A.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Leonel J.A.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. Specifically, the Court:

    a. DECLARES that Leonel J.A. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b. ENJOINS Respondents from denying release or other relief on the basis that Leonel J.A. is subject to mandatory detention under § 1225(b)(2);

    c. ORDERS that, within **seven days**, Respondents must either provide Leonel J.A. a bond hearing under 8 U.S.C. § 1226(a) or release him; and

    d. ORDERS that, within **fourteen days**, the parties shall provide the Court with a status update concerning the results of any bond

hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. The remainder of Leonel J.A.'s Petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 15, 2026    BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge